UNITED STATES of America

v.

Charles Henry BEAN.

No. 1:94–CR–24–1.

United States District Court,
E.D. Texas,
Beaumont Division.

April 12, 1995.

**1314**

Tracey M. Batson, Asst. U.S. Atty., Beaumont, TX, for plaintiff.

Greg Dumas, Turkel Dumas & LeBleu, Orange, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Before the court is defendant Charles Henry Bean's Motion to Suppress. Defendant contends that Officer Danny Buchholz obtained certain physical evidence during a search of defendant's luggage in violation of the Fourth and Fourteenth Amendments. After conducting an evidentiary hearing on the matter, this court found that the evidence was lawfully obtained and DENIED defendant's motion. The court finds it appropriate to assign written reasons in support of its oral order denying defendant's motion. Therefore, this memorandum opinion in support of the court's oral order shall be entered *nunc pro tunc* as of April 3, 1995.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On January 30, 1994, the 74 year old defendant, Charles Henry Bean, failed to signal a lane change on Interstate 10 in Orange County, Texas. Officer Danny Buchholz (Buchholz) of the Sabine Neches Task Force stopped Bean's blue Dodge Aries with North Carolina license plates on the east bound side of IH–10 to issue a citation.[1] Officer Buchholz testified that Bean appeared nervous and that Bean's hands were shaking. Bean explained that he was traveling from Houston to North Carolina. Buchholz asked the defendant to step out of the car and proceeded to run a criminal history check. At this time, Buchholz questioned Bean. He asked whether Bean had anything illegal in his car. Bean replied that he did not. Officer Buchholz then asked for consent to search the car. Bean verbally consented. Officer Buchholz then produced a written consent form which Bean read and signed.

After obtaining consent, Buchholz commenced with the search of Bean's car. Buchholz testified that he noticed a suitcase and blue bag in the back-seat of Bean's car. He began his search by touching the blue canvas bag. He then testified that he felt a hard brick-like object in the bag and that the raw odor of marijuana also emanated from the bag. Buchholz opened the blue canvas bag and discovered three bundles wrapped in tan colored duck tape.[2] Buchholz cut into the brick bundle and saw a green leafy substance that he believed to be marijuana.

At that time Officer Buchholz placed Bean under arrest. He read Bean his *Miranda* warnings and then continued to search the car. In total, Officer Buchholz uncovered fourteen wrapped bundles of marijuana weighing approximately 200 pounds. The license check had not been completed by the time Officer Buchholz discovered the marijuana.

In his Motion to Suppress, defendant claims that Officer Buchholz exceeded the scope of Bean's consent to search by opening luggage found in the automobile and, therefore, the search was unreasonable in violation of the Fourth and Fourteenth Amendments. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated." U.S. CONST. Amend. IV. Evidence obtained by the government in violation of a defendant's Fourth Amendment rights may not be used to prove his guilt at trial. *Weeks v. United States,* 232 U.S. 383, 398, 34 S.Ct. 341, 346, 58 L.Ed. 652 (1914).

However, the Supreme Court has held that law enforcement officers do not have to obtain further consent to search each closed container discovered in a vehicle. *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 1804, 114 L.Ed.2d 297 (1991). Once general consent to search is given by the driver, that

---

1. The court viewed the video-tape of defendant's traffic stop. The facts are, therefore, not hotly contested.

2. Buchholz explained that this method of wrapping was indicative of drug trafficker's wrapping.

consent extends to containers found in the vehicle. *Id.* Suspects do have a right to limit the consent to search, however, Bean chose not to exercise this right. *See Id.*

█ In addressing the extent of a consent to search, the Fifth Circuit expressly relied on *Jimeno* in holding that " 'if [a suspect's] consent would reasonably be understood to extend to a particular container, the Fourth Amendment provides no grounds for requiring a more explicit authorization.' " *United States v. Rich,* 992 F.2d 502, 508 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 348, 126 L.Ed.2d 312 (1993) (citing *Jimeno,* 500 U.S. at 251, 111 S.Ct. at 1804). Therefore, once general consent is given by the driver, the police may search all containers found within the vehicle unless the consent is expressly limited by the suspect. *See United States v. Crain,* 33 F.3d 480, 484–85 (5th Cir.1994), *cert. denied sub nom., Watkins v. United States,* —— U.S. ——, 115 S.Ct. 1142, 130 L.Ed.2d 1102 (1995).

In the present case, Bean gave Officer Buchholz oral and written consent to search the car. Bean did not expressly limit the extent of the search or object, in any way, to the officer's actions. Consequently, this court finds that Officer Buchholz validly performed a search of the containers found in the back-seat of Bean's car.

For the foregoing reasons and in accordance with the court's previous order, this court finds that defendant's Motion to Suppress evidence seized in connection with Officer Buchholz's automobile search is DENIED.